**NO. 10-4793**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

GARY E. ADAMS,

Defendant-Appellant.

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

**BRIEF OF APPELLANT**

---

Susan S. Kister, MB# 37328
8015 Forsyth Boulevard
St. Louis, MO 63105
Telephone:  (314) 725-3200
Facsimile:   (314) 725-3275
Attorney for Defendant-Appellant

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF JURISDICTION ......................................................... 1

STATEMENT OF ISSUES ..................................................................... 2

STATEMENT OF THE CASE ................................................................ 2

STATEMENT OF FACTS ...................................................................... 3

SUMMARY OF THE ARGUMENT ...................................................... 7

ARGUMENT ......................................................................................... 8

    I.    The District Court's Imposition of a Sixty-Month Sentence was

        Plainly Unreasonable .............................................................. 8

        A.    Standard of Review ..................................................... 8

        B.    Argument ................................................................... 10

    II.    The District Court's Order Revoking Supervised Release was

        Based on Insufficient Evidence and was Accompanied by a

        Deficient Record ................................................................... 17

        A.    Standard of Review ................................................... 18

        B.    Argument ................................................................... 18

CONCLUSION ..................................................................................... 19

STATEMENT REGARDING ORAL ARGUMENT ............................ 21

CERTIFICATE OF COMPLIANCE .................................................... 22

i

CERTIFICATE OF FILING AND SERVICE ......................................................23

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                               **PAGE(S)**

*Black v. Romano*, 471 U.S. 606 (1985) ..............................................................18

*Gall v. United States*, 552 U.S. 38 (2007) .........................................................16

*Morishita v. Morris*, 702 F.2d 207 (10th Cir. 1983)............................................18

*United States v. Armstrong*, 187 F.3d 392 (4th Cir. 1999)...................................18

*United States v. Barth*, 899 F.3d 199 (2nd Cir. 1990), *cert. denied*, 498 U.S.

1083 (1991)..........................................................................................................18

*United States v. Booker*, 543 U.S. 220 (2005)......................................................9

*United States v. Carter*, 564 F.3d 325 (4th Cir. 2009) ........................................16

*United States v. Copley*, 978 F.3d 829 (4th Cir. 1992)..............................9, 18, 19

*United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006).................9, 10, 11, 12, 13

*United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005)........................................11

*United States v. Johnson*, 445 F.3d 339 (4th Cir. 2006).............................. 13, 14

*United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006)................... 13, 14

*United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006) ...................................9

*United States v. Moulden*, 478 F.3d 652 (4th Cir. 2007)......9, 10, 11, 12, 13, 14

*United States v. Salinas*, 365 F.3d 582 (7th Cir. 2004) ..................................... 10

*United States v. Thompson*, 595 F.2d 544 (4th Cir. 2010) ..........9, 10, 11, 14, 16

**FEDERAL CASES (CONT.)**                                    **PAGE(S)**

*United States v. Yancey*, 827 F.2d 83 (7th Cir. 1987), *cert. denied*, 485 U.S.

967 (1988) ..........................................................................................18

**STATUTORY AUTHORITY**

28 U.S.C. § 3231 ................................................................... 1

28 U.S.C. § 41 ...................................................................... 2

21 U.S.C. § 841(a)(1) ............................................................ 1

21 U.S.C. § 846 .................................................................... 1

28 U.S.C. § 1291 .................................................................. 2

18 U.S.C. § 3742(a)(4) .......................................................... 2

18 U.S.C. § 3553(a) ................................... 7, 8, 9, 11, 14, 16

18 U.S.C. § 3742(e) .............................................................. 8

18 U.S.C. § 3742(e)(4) .......................................................... 8

18 U.S.C. § 3583(c) ............................................................ 12

18 U.S.C. § 3583(e)(3)..................................................... 13, 17

**FEDERAL RULES OF APPELLATE PROCEDURE**

Fed.R.App.P.4(b) ................................................................. 1

Fed.R.App.P.28.1(e)(2) ....................................................... 21

Fed.R.App.P.32(a)(7)(B) ..................................................... 21

Fed.R.App.P. 32(a)(7)(B)(iii) .............................................. 21

Fed.R.App.P.32(a)(5) ................................................................ 21

Fed.R.App.P.32(a)(6) ................................................................ 21

## UNITED STATES SENTENCING GUIDELINES

U.S.S.G. § 7B1.4 ............................................................... 11, 14

U.S.S.G. § 7B1.4, n.5 .......................................................... 15

## STATEMENT OF JURISDICTION

This is a direct appeal from the order of revocation of supervised release by the United States District Court for the Eastern District of North Carolina, Raleigh Division, the Honorable W. Earl Britt, entered on July 6, 2010.

The district court had jurisdiction pursuant to 28 U.S.C. §3231, which provides exclusive jurisdiction of offenses against the United States. The jurisdiction of the district court was invoked by the United States Attorney for the Eastern District of North Carolina under the laws of the United States by charging Defendant-Appellant Gary E. Adams with one count of conspiracy to possess with intent to distribute cocaine base and two counts of distribution of cocaine base, under 21 U.S.C. § 841(a)(1) and 846. On January 29, 1997, Adams pled guilty to the conspiracy count, and on April 7, 1997, Adams was sentenced to a term of 250 months in prison, later reduced to 125 months, and also to a term of supervised release of 60 months. Adams was eventually released from prison and placed on supervised release, and on April 5, 2010, the probation department filed a motion for revocation of supervised release. A hearing was held on the motion on July 6, 2010, at which time Adams pled no contest; the court found that he had violated the terms and conditions of his supervised release; and the court sentenced him to serve 60 months in custody. The order was signed and entered by the court on July 7, 2010, and on July 20, 2010, Adams filed a timely notice of appeal.

Jurisdiction is conferred on the United States Court of Appeals for the Fourth Circuit by 28 U.S.C. §1291; by Federal Rule of Appellate Procedure 4(b); and by 18 U.S.C. § 3742(a)(4), which provides for review of a sentence for which there is no sentencing guideline. The district court for the Eastern District of North Carolina is located within the jurisdiction of the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. §41.

## STATEMENT OF ISSUES

1.     Whether the sentence imposed after revocation of Adams' supervised release was plainly unreasonable?

2.     Whether the district court erred in revoking Adams' supervised release, because it was not shown by a preponderance of evidence that Adams had violated any terms or conditions of his supervised release, and where the court also failed to make a record of its findings?

## STATEMENT OF THE CASE

Defendant-Appellant Gary E. Adams was charged in 1997 with one count of the Class A felony of conspiracy to possess with the intent to distribute cocaine base and two counts of distribution of cocaine base (JA 1, 19). [1] He pled guilty to

---

[1] Counsel is unable to access the indictment, as it predates the inception of electronic filing under PACER. Counsel refers instead to the docket sheets included in the joint appendix, and to the motion for revocation. A history of the

the conspiracy charge; the other charges were dismissed; and on April 4, 1997, he was sentenced to a term of imprisonment of 250 months, later reduced to 125 months, and a 60-month term of supervised release (JA 4, 5, 11, 18).

On December 30, 2005, Adams was released from prison and began his term of supervised release (JA 19, 33). On April 5, 2010, the probation department filed a motion to revoke Adams' supervised released (JA 19). On July 6, 2010, a hearing was held on the motion, after which the court found that Adams had violated his supervised release (JA 30). The court revoked Adams' supervised release and sentenced him to a term of 60 months (JA 31). The judgment was entered on July 7, 2010, and on July 20, 2010, Adams filed a timely notice of appeal (JA 33-34).

## STATEMENT OF FACTS

Gary Adams was charged in 1996 with one count of conspiracy to possess with intent to distribute cocaine base and two counts of distribution of cocaine base (JA 1). On January 29, 1997, he pled guilty to the conspiracy count pursuant to a plea agreement (JA 4, 33). On April 7, 1997, Adams was sentenced to a term of imprisonment of 250 months and to a term of supervised release of 60 months (JA 5, 11, 33). The terms of the supervised release consisted of the standard terms, including refraining from the use or possession of controlled substances and

underlying case can also be found in the original presentence report, included in the sealed appendix.

committing no further law violations (JA 13).  On April 4, 2000, Adams' sentence was reduced from 250 months to 125 months pursuant to a Rule 35 motion; the terms and conditions of his supervised release remained unchanged (JA 18).

On December 30, 2005, Adams began his term of supervised release (JA 19, 33).  On April 1, 2010, the Department of Probation filed a motion for revocation of Adams' supervised release (JA 19).  The motion alleged that on 11/9/2007, Adams used a controlled substance (marijuana); on 07/22/2008, engaged in the criminal conduct of driving while revoked; and on 09/22/2009, engaged in the criminal conduct of failing to return rental property and using a controlled substance (marijuana) (JA 19).  The motion also set forth four specific violations: Violation No. 1 alleged that Adams was charged on an unspecified date in Wake County Superior Court with feloniously obtaining property by false pretenses, and that the matter was still active pending further investigation (JA 19).  Violation No. 2 alleged that Adams was charged on September 18, 2009, in Wake County District Court (sic) with failure to return rental property, and that the matter was still active pending  further investigation (JA 19).  Violation No. 3 alleged that Adams was charged on March 8, 2010 in Wake County District Court (sic) with felonious assault with a deadly weapon inflicting serious injury, and that the matter was still pending (JA 19).  Violation No. 4 alleged that Adams was charged on

March 26, 2010 in Wake County District Court (sic) with felonious possession of a stolen motor vehicle, and that the matter was still pending (JA 19).

On July 6, 2010, a revocation hearing was held before United States District Judge W. Earl Britt (JA 21). Adams was represented by counsel, who informed the court that Adams was pleading no contest to the allegations (JA 22). The court took this to mean Adams was "neither admitting or denying" the allegations and stated it wanted to "hear something" (JA 23). The prosecutor responded, "If you would like specifics with the specific allegations, we have the officers available, or I can have the probation officer proffer" (JA 23). The court indicated that "proffering would be fine" (JA 23).

The unsworn probation officer then stated that with respect to Violation No. 1, Adams had been charged by Raleigh police for conduct stemming "from a check writing scheme, as I understand it" (JA 23). He stated that Violation No. 2, was a misdemeanor involving rental of a bed and a television, and that Adams had returned the bed but not the television and had failed to make all the required payments. The probation officer referred to a warrant that had been sworn by the Rent-a-Center of Raleigh, but did not present the warrant (JA 23). The probation officer indicated that Violation No. 3 stemmed from a stabbing of a nightclub employee resulting in "substantial physical injuries" and a "life threatening infection," but omitted to identify the source of his information (JA 23-24). With

5

respect to Violation No. 4, the probation officer stated, "as I understand it," Raleigh police attempted to serve a warrant on Adams and discovered a motorcycle at his residence which a records check showed as stolen (JA 24). The probation officer further indicated that indictments had been returned on Violation Nos. 1, 3, and 4, and that Violation No. 2 had been dismissed when Adams failed to appear on it because he was in federal custody in the instant matter (JA 24).

Adams presented no evidence but allocuted to the court (JA 24-25, 26-27). His counsel enumerated factors in mitigation of punishment, including the fact that Adams was within one year of getting off supervised release when arrested on the violations; had worked three jobs since his release from prison four years earlier; had obtained his GED and written a book; had cooperated with authorities on unrelated pending cases; and had not been convicted of any of the alleged law violations listed as violations in the motion to revoke (JA 25-26). The prosecutor also addressed the court, emphasizing Adams' unlawful conduct while on supervised release and the need for "active time" (JA 28-30). The court made findings that Adams had engaged in the criminal conduct as set forth in Violation Nos. 1, 3, and 4; had tested positive for marijuana; and had failed to make regular payments towards his fine and submit monthly written reports (JA 30). Stating, "The court has considered the policy statements on revocation contained in Chapter 7 of the sentencing guidelines, and the factors listed in 18 U.S.C. §

6

3553(a)," the court revoked Adams' supervised release and committed him to the custody of the Bureau of Prisons for 60 months (JA 30-31).

## SUMMARY OF ARGUMENT

The government presented no evidence on Adams' alleged release violations, offering instead a recitation of the violations contained in the motion for revocation. After hearing the allegations re-read by the probation officer, and hearing the parties address § 3553(a) factors, the court simply stated its conclusion, that Adams had violated his supervised release. The hearing was deficient in two respects: The evidence was insufficient, and the court's summary findings violated procedural due process.

Moreover, the court's imposition of a 60-month sentence was unreasonable, and plainly so. The court not only sentenced Adams to the highest sentence prescribed by statute, but failed to consider drug treatment placement, failed to consider any of the factors in mitigation of sentence presented by Adams' counsel, failed to explain the reasons for the chosen sentence, and relied on factors under § 3553(a) which are excluded from consideration when imposing a revocation sentence. Both the revocation order and the sentence must be vacated.

# ARGUMENT

## I.

## Adams' Sentence of Sixty Months was Plainly Unreasonable Because it was the Longest Sentence Allowed for a Revocation, the Court Failed to Consider Chapter 7 Guidelines, Failed to Consider Pertinent 18 U.S.C. § 3553(a) Factors, and Neglected Altogether to State Its Reasons for Imposing This Sentence.

After finding that Adams had engaged in criminal conduct during his supervised release, and revoking Adams' supervised release, the district court sentenced him to a term of imprisonment of sixty months. As grounds for, and in explanation of, the sentence, the court stated merely that it had "considered the policy statements" of Chapter 7, "as well as the relevant factors listed in 18 U.S.C. section 3553(a)" (JA 80). The only factors the court cited were "to afford adequate deterrence to criminal conduct and to promote respect for the law" (JA 31). Not only does 18 U.S.C. § 3583(a) expressly remove these policy concerns from consideration by a court at a revocation proceeding, but the court failed to explicate, in even a summary fashion, the basis for the sixty-month term. Adams' sentence was plainly unreasonable, both procedurally and substantively. The sentence should be vacated.

A.     Standard of Review.

18 U.S.C. § 3742(e) provides that, on review of a sentence "for an offense for which there is no applicable sentencing guideline," the court is to determine

whether the sentence imposed was "plainly unreasonable." 18 U.S.C. § 3742(e)(4). See also *United States v. Crudup*, 461 F.3d 433, 436 (4th Cir. 2006) (holding that § 3742(e) applies specifically to the review of supervised release revocation sentences). The "plainly unreasonable" standard is slightly different from the standard of review for sentencing appeals promulgated by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005),[2] and focuses the punishment on the violation of a court order, rather than "on the particular conduct giving rise to the revocation," or a strict application of § 3553(a) factors. See *United States v. Crudup*, 461 F.3d at 438, citing *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," the court first determines whether the sentence is "unreasonable at all," that is, procedurally deficient for failure of the court to explain the reasons for its sentence, and then whether it is plainly unreasonable, such as failure of the court to consider a non-frivolous argument for lesser time. See *United States v. Thompson*, 595 F.2d 544, 547-48 (4th Cir. 2010), citing *United States v. Moulden*, 478 F.3d 652 (4th Cir. 2007) (in determining whether a revocation sentence is "plainly unreasonable," the court employs the same analysis as it would on review of an original sentence, e.g., a determination of whether the

---

[2] *Booker* requires a court on appeal to review an "original" sentence for "unreasonableness," with regard to the factors in 18 U.S.C. § 3553(a). See *United States v. Crudup*, 461 F.3d at 436.

sentence is both procedurally and substantively not unreasonable.) The determination of whether a revocation is unreasonable entails a "deferential appellate posture concerning issues of fact and the exercise of discretion." *United States v. Crudup*, 461 F.3d at 439, citing *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004).

  B. <u>Argument.</u>

  The Court of Appeals reviews whether or not sentences imposed upon revocation of supervised release are "within the prescribed statutory range and are not 'plainly unreasonable.'" *United States v. Thompson*, 595 F.3d at 546, citing *United States v. Crudup*, id. When reviewing whether a revocation sentence is plainly unreasonable, the court first determines whether the sentence is "unreasonable at all," and if it is, then determines whether the error is plain. *United States v. Thompson*, id, citing *United States v. Moulden*, 478 F.3d at 656. Recent cases by this court instruct which factors a sentencing court should consider in fashioning a reasonable revocation sentence, and under what circumstances that sentence fails the "plainly unreasonable" test.

  A sentence is unreasonable if it fails to comport with procedural due process, that is, circumvents the process a court must undergo in imposing an adequate revocation sentence. *United States v. Thompson*, id. (the sentence should incorporate Chapter 7 policy factors and certain 18 U.S.C. § 3553(a) sentencing

factors, and should reflect a reasoned judgment by the court for the sentence chosen.)  A sentence is "plainly" unreasonable, if it "runs afoul of clearly settled law."  *United States v. Thompson*, 595 F.3d at 548, citing *United States v. Hughes*, 401 F.3d 540, 547 (4th Cir. 2005).

    1.    <u>A Procedurally Unreasonable Sentence.</u>

Revocation sentences are governed by non-binding policy statements contained in Chapter 7 of the federal sentencing manual; failure to consider and invoke these considerations thwarts procedural due process.  Chapter 7 provides a revocation table which divides release violations by grade and sets out suggestions for the appropriate term of imprisonment for each grade according to the defendant's original criminal history category.  See U.S.S.G. § 7B1.4; *United States v. Moulden*, 478 F.3d at 656.  See also *United States v. Crudup*, 461 F.3d at 438, citing U.S.S.G., Chapter 7, pt. A ("Rather than promulgate a 'detailed revocation guideline system similar to that applied at the initial sentencing,' the Sentencing Commission opted instead to classify all revocation conduct into 'three broad grades of violation.'")  While a court has "broad discretion to impose a particular [revocation] sentence," a district court "must consider the Chapter 7 policy statements and other statutory provisions applicable to revocation sentences." *United States v. Thompson*, 595 F.3d at 547.

In addition to the sentencing "suggestions" set out in Chapter 7 of the guidelines manual, the district court at a revocation proceeding is guided by factors set out in 18 U.S.C. § 3553(a). See *United States v. Moulden*, 478 F.3d at 656. However, not all § 3553(a) factors are applicable in supervised release revocation cases. As this court stated in *United States v. Crudup*, "Imposition of an appropriate sentence for any new criminal conduct is not the primary goal of a revocation sentence. Instead, the punishment imposed upon revocation is intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision." *United States v. Crudup*, 461 F.3d at 438. See also U.S.S.G., Ch. 7, pt. A (the district courts should focus on the defendant's "failure to follow the court-imposed conditions of supervised release as a 'breach of trust' when imposing revocation sentences"). 18 U.S.C. § 3583(c) sets out those § 3553(a) factors a district court should consider in imposing a term of supervised release, and by implication removes others. See *United States v. Crudup*, 461 F.3d at 439 ("Not all original sentencing factors of § 3553(a) can be considered when reviewing a revocation sentence.") Factors excluded from consideration in fashioning a revocation sentence, are "seriousness of the offense," "promoting respect for the law," and "providing just punishment for the offense." *United States v. Crudup*, id. Most importantly, the statement provided must "actually

12

relate to the imposed sentence, not some distinct penological or administrative question." *United States v. Thompson,* id.

    2.    <u>A Plainly Unreasonable Sentence.</u>

Procedurally, the court should "expressly consider the Chapter 7 advisory policy statements;" substantively, the court should "sufficiently state a proper basis for its conclusion" that the sentence imposed is reasonable under the circumstances. See *United States v. Crudup*, 461 F.3d at 440. See also *United States v. Moulden* ("the sentencing court must consider the policy statements contained in Chapter 7, including the policy statement range, as helpful assistance, and must also consider the applicable § 3553(a) factors"); *United States v. Moulden*, 478 F.3d at 656, citing *United States v. Crudup*, 461 F.2d at 438. Moreover, while it need not be as specific as in an original sentencing procedure, "the court must provide a statement of the reasons for the sentence imposed." *United States v. Moulden*, 478 F.3d at 657. See also *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006); *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (while the sentencing court need not "robotically tick through the §3553(a) subsections, it must still provide a sufficient explanation so that we can effectively review the reasonableness of the sentence.") Because the "obligation to provide some basis for appellate review" is a "clearly settled requirement" in this

circuit, failure to provide this basis at a revocation proceeding will render the sentence plainly unreasonable.  *United States v. Thompson*, 595 F.3d at 548.

In the instant case, the court revoked Adams' supervised release; sentenced him to the highest term allowed by statute;[3] but failed to discuss any Chapter 7 or appropriate § 3553(a) factors, and failed to delineate any meaningful grounds for the term imposed.

First, the court failed to rely on or even reference the advisory policy statement range provided by the revocation table in U.S.S.G. § 7B1.4.  While finding that Adams engaged in the criminal conduct identified in Violation Nos. 1, 3, and 4, as well as testing positive for marijuana and failing to make regular restitution payments and submit regular written reports, the court neglected to classify these violations into grades or identify where Adams would fall on the table.[4]  It also failed to identify any § 3553(a) factors on which it relied, mechanically noting only that it had considered "the relevant factors listed in 18 U.S.C. § 3553(a)" (JA 30).

In addition to being procedurally flawed, the sentence was substantively deficient.  The court never explained what led to its conclusion that  sixty months

---

[3] If the original offense was a Class A felony, the court may impose no more than a 5-year term of imprisonment upon revocation of supervised release.  18 U.S.C. § 3583(e)(3).

[4] While the prosecutor referred to a "supervised release report," the contents of this report are unknown, and it was not made part of the hearing record (JA 29).

was a reasonable sentence, instead citing its interest in "affording adequate deterrence to criminal conduct and to promote respect for the law," factors explicitly exempted from consideration under § 3583(c). It also failed to address the pleas by defense counsel for leniency. See *United States v. Moulden*, 478 F.3d at 657, citing *United States v. Montes-Pineda*, 445 F.3d at 380 (the explanation should "provide us an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before him, and also considered any potentially meritorious arguments raised by the parties with regard to sentencing"). Finally, it failed to consider drug treatment in lieu of prison, an option mandated for consideration under U.S.S.G. § 7B1.4, n.5, and clearly one supported by the record here.

In *United States v. Thompson*, supra, this court rejected as unreasonable, the revocation sentence imposed by the district court. In that case, the court utilized the "applicable, non-binding policy tables" of Chapter 7, which placed Thompson between twelve and eighteen months' imprisonment. The court also gave each party the opportunity to address the appropriate sentence: The government cited the fact that Thompson had committed battery on two police officers while under release; Thompson's attorney emphasized that Thompson had minor children, had been employed since his release, and that this was his first violation, and asked for a six-month rather than an 18-month term. Instead of addressing any of these

factors, the court stated merely, "It's the judgment of the Court the defendant be committed to the custody of the Federal Bureau of Prisons for a term of 18 months." *United States v. Thompson*, 595 F.3d at 547.

In holding that the sentence was procedurally unreasonable, the circuit court stated,

> A district court commits significant procedural error where it "fails to adequately explain the chosen sentence." This requirement applies "regardless of whether the district court imposes an above, below or within-guidelines sentence." A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still "must provide a statement of reasons for the sentence imposed."… We may be hard-pressed to find any explanation for within-range revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences; but a district court may not simply impose sentence without giving any indication of its reasons for doing so.

*United States v. Thompson*, 595 F.3d at 547, citing *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

Unlike the district court in *Thompson*, the court here omitted any reference to Adams' prescribed sentencing range based on the revocation table. However, like the judge there, the district court here failed to explain the sentence it imposed other than to parrot certain § 3553(a) factors—factors which are pertinent to original sentences, but irrelevant to revocation sentences. The court also failed to "explicitly consider [defendant's] non-frivolous arguments" for leniency—such as

the fact that he was within months of being off supervised release, had cooperated with police, had written a book, and had obtained his GED.[5]

The circuit court in *Thompson* characterized the district court's obligation to provide "some basis" for a revocation sentence, however minimal, as "settled" and "clear circuit precedent." *United States v. Thompson*, id. That precedent was contravened here. The sentence must be vacated.

## II.

### The Government Failed to Show by a Preponderance of Evidence that Adams had Committed the Charged Violations, and Further Failed to Afford Adams Procedural Due Process by Explaining the Basis for its Findings.

The only evidence presented to support the charged violations at the hearing, was a probation officer reading the allegations directly from the motion for revocation. None of the alleged criminal acts had yet resulted in a conviction; none of the non-criminal acts were explained in any detail; and no independent testimony or supporting documentation was presented with respect to any of the criminal or non-criminal violations. There was not enough evidence on which to base a revocation.

---

[5] The most egregious omission may have been the court's failure to address Adams' marijuana use and consider a treatment program. The motion for revocation referenced two incidents of marijuana use, and substance addiction might have been implicated in Adams' license revocation, his theft offenses, and his alleged assault at a nightclub. Moreover, Adams' original PSR reflects numerous convictions for marijuana, cocaine and heroin possession (Sealed Appendix 6-8, 9, 10).

A.   <u>Standard of Review.</u>

Factual findings by the district court which form a basis for a revocation of supervised release are reviewed for abuse of discretion.   See *United States v. Copley*, 978 F.3d 829, 831 (4th Cir. 1992).

B.   <u>Argument.</u>

In order to find that a defendant has violated a condition of his supervised release, the district court must find by a preponderance of the evidence that such a violation has occurred.   18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).   See also *United States v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999) (at supervised release revocation proceedings, fact-finding is made under a preponderance-of-the-evidence standard, rather than a reasonable-doubt standard).   Still, for procedural due process to adhere, the district court must support its conclusions with a record that will "enable the reviewing court to determine the basis for the trial court's decision."   *United States v. Copley*, 978 F.2d at 831, citing *United States v. Barth*, 899 F.3d 199, 201-02 (2nd Cir. 1990), *cert. denied*, 498 U.S. 1083 (1991); *United States v. Yancey*, 827 F.2d 83, 89 (7th Cir. 1987), *cert. denied,* 485 U.S. 967 (1988); *Morishita v. Morris*, 702 F.2d 207, 209-10 (10th Cir. 1983).   See also *Black v. Romano*, 471 U.S. 606, 610 (1985) ("The Due Process clause of the Fourteenth Amendment imposes procedural limits on the revocation of the conditional liberty created by probation").

18

Here, the government failed to present evidence even by a preponderance standard, that Adams had violated a term or condition of his supervised release. Instead, it relied on a recitation of the allegations contained in the motion for revocation, without any supporting, corroborating, or independent evidence that these violations had occurred. Moreover, the district court failed to articulate any basis for its order of revocation, stating only its conclusion that Adams had "violated the terms and conditions of any judgment by engaging in criminal conduct on three occasions as set forth in Violations 1, 3, and 4" (JA 30). Because the proof was deficient to support the allegations, and the record was insufficient concerning the basis of the revocation, the matter must at least be remanded to comport with due process concerns. See *United States v. Copley*, 978 F.2d at 831 ("a flaw of that dimension" of neglecting to support its conclusions by discussing the evidence and its reasoning "could of course, require a remand for another hearing").

## <u>CONCLUSION</u>

The district court's imposition of a 60-month sentence, following its revocation of Adams' supervised release, was unreasonable, in that it neglected to explain how the sentence related to Adams' post-incarceration behavior; and was plainly unreasonable, in that it failed to provide any record for review by the circuit court.

Moreover, the revocation order itself was procedurally flawed, because the evidence was insufficient on the record, to find that Adams that violated the terms and conditions of his supervised release, and because there was no basis on which the circuit court could review the district court's factual findings or legal conclusions.  The revocation order and sentence must be vacated.

## <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to local Rule 34(a)(2)(C), counsel for Appellant declines a request for oral argument, as in her opinion the facts and legal argument are adequately presented in the brief, and the decisional process of the court would not be significantly aided by oral argument.

/s/Susan S. Kister
Susan S. Kister, MB# 37328
8015 Forsyth Boulevard
St. Louis, MO 63105
Telephone: (314) 725-3200
Facsimile: (314) 725-3275
E-mail: skister@kisterlaw.com

Attorney for Defendant-Appellant
Gary E. Adams

## <u>CERTIFICATE OF COMPLIANCE</u>

1.   This brief complies with the type-volume limitation of Fed. R. App.
P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains <u>5,236</u> words, excluding the parts of the brief
exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[   ] this brief uses monospaced typeface and contains [*state the
number of*] lines of text, excluding the parts of the brief excepted by
Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirement of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)
because.

[ X ] this brief has been prepared in a proportionally spaced typeface
using *Microsoft Word 2000* in *14pt Times New Roman*; or

[   ] this brief has been prepared in a monospaced typeface using
[*state name and version of type processing program*] with [*state
number of characters per inch and name of type style*].

Dated:   September 30, 2010               /s/Susan S. Kister
                                          Counsel for Appellant

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 30th day of September, 2010, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Ms. Denise Walker
> Ms. Jennifer P. May-Parker
> United States Attorney's Office
> 310 New Bern Avenue, Suite 800
> Raleigh, NC 27601
>
> Counsel for Appellee

I further certify that on this 30th day of September, 2010, I caused the required number of bound copies of the foregoing Brief of Appellant and Joint Appendix to be mailed-filed with the Clerk of the Court and for a copy of the same to be served, via Federal Express, to all case participants, at the above listed addresses. I further certify that a copy of the brief has been served, via U.S. Mail, postage prepaid upon:

> Mr. Gary E. Adams
> #16779-056
> USP Hazelton
> P.O. Box 2000
> Bruceton Mills, WV 26525
>
> Appellant

/s/Susan S. Kister
Counsel for Appellant

23